UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| SIAMAK MATT GHAFARI, et al., | : | Civil Action No. 06-0931 (FLW) |
| | : | |
| Plaintiffs, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| BENJAMIN M. HERN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter having come before the Court by a Motion by Defendant/Third Party Plaintiff Benjamin M. Hern, to file an amended third complaint in order to add nonparties Global Source Ventures, LLC and Capsource Ventures, LLC as additional third party defendants [Docket Entry No. 43]; and Defendant having submitted a Notice of Motion which states that "no brief of said motion is necessary" (Notice of Motion at 2); and Defendant having further submitted an affidavit of Thomas C. Sciarrabone, Esq. in support of his motion; and Defendant arguing that the Court should grant him leave to join the two additional parties "in accordance with Rules 15 and 19 of the Federal Rules of Civil Procedure" (Notice of Motion at 2); and the Court finding that the Local Civil Rules require that a party submit to the Court both a statement that no brief is necessary as well a reason why it is not necessary (*See L.Civ.R.* 7.1(d)(4)); and the Court further finding that Rule 14 of the Federal Rules of Civil Procedure provides that a "plaintiff may assert against the third-party defendant any claim arising out of the *same transaction or occurrence*" of the original claim (FED.R.CIV.P. 14(a)(3))(emphasis added); and the Court further finding that, despite the language of Rule 14(a), "[t]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is

not enough" (6 CHARLES ALAN WRIGHT, ARTHUR MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE 2d § 1446 (2007)); and the Court further finding that Rule 14(a) further requires a third-party plaintiff to "set forth a claim of secondary liability such that, if the third-party plaintiff is found liable, the third-party defendant will be liable to him under a theory of indemnification, contribution or some other theory of derivative liability recognized by the relevant substantive law" (*Wallkill 5 Assoc. II v. Tectonic Eng'g, P.C.*, 1997 U.S. Dist. LEXIS 11694 at *26 (D.N.J. July 24, 1997)); and the Court noting that, under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend the pleadings is "freely given" (*Foman v. Davis*, 371 U.S. 178, 182 (1962)); and the Court finding that while leave is freely given, the decision of whether to grant or deny a motion to amend rests within the discretion of the Court (*see Id.*); and the Court further finding that It will deny a motion to amend where it "is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party" (*Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005)); and the Court further finding that there is no evidence of undue delay, bad faith, or dilatory motives on the part of the Defendant in filing this motion; and the Court further finding that there is also no evidence that amending the complaint to add the two additional third party defendants would prejudice the Plaintiff in any way; and the Court further finding, however, that It is unable to assess without a brief whether or not the Defendant's amendment would be futile; and the Court noting that simply because Plaintiffs did not oppose Defedant's motion does not necessarily mandate that the proposed amendments would be proper, and therefore not futile; and the Court further noting that without a brief, the Court is unable to determine whether Defendant's proposed amendments meet the standard of

2

FED.R.CIV.P. 14(a), which requires that each of Global Source Ventures, LLC and Capsource Ventures, LLC is a "person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff" (FED.R.CIV.P. 14(a)); and the Court further finding that under the Local Civil Rules, a blanket statement that "no brief is necessary" may not be sufficient, as the Rule 7.1 requires that the moving party provide a reason as to why a brief is not necessary; and the Court further finding that a brief is, in fact, necessary for the Court to properly assess whether or not the two corporations, whose interests are at stake, should be joined as parties to this action; and the Court noting that It needs additional briefing regarding Defendant's use of Rule 19 without explanation; and the Court having considered this matter pursuant to Fed.R.Civ.P. 78; and for good cause shown,

IT IS on this 17th day of March, 2008;

ORDERED that Defendant's Motion to Amend the Third-Party Complaint to add nonparties Global Source Ventures, LLC and Capsource Ventures, LLC as additional third party defendants is hereby DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Defendant may refile his Motion, with a brief, no later than **March 28, 2008**; and it is further

ORDERED that the Clerk of the Court terminate this motion [Docket Entry No. 43] accordingly.

       s/   Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**